24-2497-pr
Rodriguez v. Gusman

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of April, two thousand twenty-six.

PRESENT: GERARD E. LYNCH,
                RAYMOND J. LOHIER, JR.,
                STEVEN J. MENASHI,
                    *Circuit Judges*.

------------------------------------------------------------------

MARCOS RODRIGUEZ, AKA
MARCOS RODRIGQUEZ,

        *Plaintiff-Appellant*,

    v.                                 No. 24-2497-pr

DR. MIKHAIL GUSMAN, FKA
MIKHAIL GUZMAN, EASTERN
CORRECTIONAL FACILITY,

        *Defendant-Appellee*,

STATE OF NEW YORK, BIPIN
BHAVSAR, FKA BHAVSAR BIPIN,
EASTERN CORRECTIONAL

FACILITY,

*Defendants.*

----------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:  Marcos Rodriguez, *pro se*, Coxsackie, NY

FOR DEFENDANT-APPELLEE:  Barbara D. Underwood, Solicitor General, Jeffrey W. Lang, Deputy Solicitor General, Frederick A. Brodie, Assistant Solicitor General, Of Counsel, *for* Letitia James, Attorney General of the State of New York, Albany, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Marcos Rodriguez, representing himself, appeals from the September 10, 2024 judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*) granting summary judgment in favor of Defendant-Appellee Mikhail Gusman, a doctor employed by the New York State Department of Corrections and Community Supervision.  Rodriguez sued Gusman under 42 U.S.C. § 1983 for depriving him of constitutionally adequate medical care for prostate cancer in violation of the Eighth Amendment.  We

2

assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We "review a district court's grant of summary judgment *de novo*," and will affirm only if "construing the evidence in the light most favorable to the non-movant," we are satisfied that "there is no genuine dispute as to any material fact." *Walker v. Senecal*, 130 F.4th 291, 297 (2d Cir. 2025) (quotation marks omitted). To establish an Eighth Amendment violation arising out of inadequate medical care and thus prevail on his § 1983 claim, Rodriguez must show deliberate indifference to his serious medical needs. *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). "The standard of deliberate indifference includes both subjective and objective components." *Id.* Rodriguez must show, first, that "the alleged deprivation" was, "in objective terms, sufficiently serious," and second, that Gusman acted with "a sufficiently culpable state of mind." *Id.* (quotation marks omitted). "An official acts with the requisite deliberate indifference when that official 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he

3

must also draw the inference.'" *Id.* (quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)).

With those principles in mind, we consider the District Court's ruling that Rodriguez failed to adduce evidence that Gusman deprived him of adequate medical care or that Gusman acted with deliberate indifference to his serious medical needs. On appeal, Rodriguez insists that the record evidence on summary judgment raised a genuine factual dispute as to both elements.

We may assume without deciding that Rodriguez received objectively inadequate medical care, because we agree with the District Court that Rodriguez failed to adduce admissible evidence that Gusman acted with a sufficiently culpable state of mind. Rodriguez asserts that he lodged several complaints about pain in his lower body in the years prior to his prostate cancer diagnosis.[1] But Rodriguez fails to point us to evidence that Gusman "either knew or should have known [from these complaints] that he was suffering from *this particular* serious medical condition." *Mallet v. N.Y. State Dep't of Corr. &*

---

[1] Gusman argues that Rodriguez "is time-barred from recovering for any alleged acts or omissions that occurred prior to February 28, 2019" and thus fall outside the three-year statute of limitations for § 1983 actions. *See* Appellee's Br. 26; *Kane v. Mount Pleasant Cent. Sch. Dist.,* 80 F.4th 101, 108 (2d Cir. 2023). We need not decide that issue, however, because Rodriguez failed to adduce evidence of deliberate indifference *by Gusman* prior to February 2019. *See Chance,* 143 F.3d at 702.

4

*Cmty. Supervision*, 126 F.4th 125, 133 (2d Cir. 2025).  Indeed, many of Rodriguez's complaints were unrelated to his prostate.  Rodriguez does not dispute that Gusman responded to his urinary complaints by prescribing medication that alleviated his symptoms and also by ordering regular prostate specific antigen tests, which the laboratory returned as "normal."  And as soon as Rodriguez presented symptoms of cancer, Gusman referred him to a specialist.  Rodriguez criticizes Gusman for labeling the referral "routine," and notes that the mislabel resulted in a longer appointment wait-time.  But we find no record evidence that the mislabeling involved "culpable recklessness" or "evince[d] a conscious disregard of a substantial risk of serious harm," let alone that this mislabeling led to a worse outcome in treatment.  *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (quotation marks omitted).  We therefore conclude that the District Court properly granted summary judgment in Gusman's favor.

Rodriguez also claims that the District Court abused its discretion in denying his motion to compel discovery and defer decision on the motions for summary judgment.  We agree with the District Court that Rodriguez's motion to compel under Rule 37(a) of the Federal Rules of Civil Procedure was untimely, *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 51 (2d Cir. 2004), and that, to the extent

5

his motion was based on Rule 56(d), he failed to show that he was deprived of information "germane" to the cross-motions for summary judgment, *Alphonse Hotel Corp. v. Tran*, 828 F.3d 146, 151 (2d Cir. 2016).

We have considered Rodriguez's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6